20 Civ. 4290 (DLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTORIA BRIGHTMAN,

                                        Plaintiff,

            -against-

PHYSICIAN AFFILIATE GROUP OF NEW YORK,
P.C., and NICOLE DELTS and REGINALD D.
ODOM, individually,

                                        Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT

### JAMES E. JOHNSON
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-197
New York, N.Y. 10007-2601

Of Counsel:  Natalie S. Marcus
Telephone: (212) 356-2629
nmarcus@law.nyc.gov

*Matter No.* 2020-26981

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................ iii

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS ............................................................................................... 1

ARGUMENT

      POINT I

            ALL ADA AND TITLE VII CLAIMS
            ACCRUING PRIOR TO DECEMBER 7, 2018,
            ARE TIME-BARRED .............................................................................. 5

      POINT II

            PLAINTIFF'S EPA CLAIMS ACCRUING
            PRIOR TO JUNE 8, 2017 ARE TIME-BARRED ................................. 6

      POINT III

            PLAINTIFF'S NEW YORK LABOR LAW § 215
            RETALIATION CLAIM MUST BE
            DISMISSED FOR FAILURE TO COMPLY
            WITH STATUTORY REQUIREMENTS ............................................... 7

      POINT IV

            THE AMENDED COMPLAINT FAILS TO
            STATE A CLAIM OF RELIEF THAT IS
            PLAUSIBLE ON ITS FACE ..................................................................... 8

            A.   The Applicable Pleading Standard .................................................... 8

            B.   Plaintiff Fails to State a Claim for Gender
                 Discrimination under Title VII, the SHRL, or
                 CHRL ................................................................................................ 9

            C.   Plaintiff's Hostile Work Environment Claim
                 under Title VII ................................................................................. 14

            D.   The Retaliation Claims Fail Under Title VII,
                 the ADA, EPA, NYLL, SHRL, and CHRL .................................... 15

**Page**

E.  Plaintiff Has Failed to Adequately Allege a
    Claim Pursuant to the Equal Pay Act ............................................. 18

F.  Plaintiff Has Failed to Adequately Allege a
    Cause of Action Under New York Labor Law
    § 194 ...................................................................................... 21

G.  As A Matter of Law, Plaintiff's SHRL and
    CHRL FMLA Leave Retaliation Claims
    Must be Dismissed ....................................................................... 21

CONCLUSION ............................................................................................ 22

# TABLE OF AUTHORITIES

**Cases**                                                                    **Pages**

*Abrams v. Dep't of Pub. Safety*,
    764 F.3d 244 (2d Cir. 2014)........................................................................15

*Adams-Flores v. City of New York*,
    No. 18 Civ. 12150 (JMF),
    2020 U.S. Dist. LEXIS 37411 (S.D.N.Y. Mar. 2, 2020) ........................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................8, 9, 13

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
    459 U.S. 519 (1983)................................................................................9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................8

*Bermudez v. City of New York*,
    783 F. Supp. 2d 560 (S.D.N.Y. 2011)........................................................8

*Beverley v. 1115 Health & Benefits Fund*,
    420 F. Supp. 2d 47 (E.D.N.Y. 2005) ........................................................13

*Biberaj v. Pritchard Indus.*,
    No. 08 Civ. 07993 (PGG),
    2009 U.S. Dist. LEXIS 150074 (S.D.N.Y. Sept. 28, 2009)..................................16

*Brailsford v. Zara USA, Inc.*,
    No. 14 Civ. 6999 (LGS),
    2015 U.S. Dist. LEXIS 47149 (S.D.N.Y. Apr. 10, 2015)....................................20

*Brown v. Progressive Cas. Ins. Co.*,
    No. 18 Civ. 03753 (ARR) (SJB),
    2018 U.S. Dist. LEXIS 145777 (E.D.N.Y. Aug. 27, 2018)..................................22

*Carter v. Verizon*,
    No. 13 Civ. 7579 (KPF), 2015 U.S. Dist. LEXIS 6370
    (S.D.N.Y. Jan. 20, 2015)....................................................................... 10-11

*Centeno v. 75 Lenox Realty LLC/J.K. Mgmt. Corp.*,
    No. 14 Civ. 1916 (DLI)(LB),
    2017 U.S. Dist. LEXIS 15008 (E.D.N.Y. Feb. 1, 2017)......................................15

*Cetina v. Longworth*,
    583 F. App'x. 1 (2d Cir. 2014) ..................................................................5

iii

Cases                                                                                                          Pages

*Chambers v. TRM Copy Ctrs. Corp.*,
    43 F.3d 29 (2d Cir. 1994)............................................................................................10

*Chiaramonte v. Animal Med. Ctr.*,
    No. 13 Civ. 5117 (KPF), 2016 U.S. Dist. LEXIS 8024 (S.D.N.Y. Jan. 7, 2016)...................21

*Coleman v. Brokersxpress, LLC*,
    375 Fed. App'x 136 (2d Cir. 2010)...........................................................................9

*Corning Glass Works v. Brennan*,
    417 U.S. 188 (1974)..............................................................................................18

*Corrado v. New York Unified Court Sys.*,
    163 F. Supp. 3d 1 (E.D.N.Y. 2016) ....................................................9, 12, 13, 15, 16, 21, 22

*Cruz v. Coach Stores, Inc.*,
    202 F.3d 560 (2d Cir. 2000)..............................................................................14, 15

*Dechberry v. N.Y. City Fire Dep't*,
    124 F. Supp. 3d 131 (E.D.N.Y. Aug. 14, 2015) ......................................................15, 16, 17

*Devore v. Neighborhood Hous. Servs. of Jam., Inc.*,
    No. 15 Civ. 6218 (PKC),
    2017 U.S. Dist. LEXIS 38108 (E.D.N.Y. March 16, 2017) ...................................................14

*Dhar v. City of New York*,
    15 Civ. 2698, 2016 U.S. App. LEXIS 12974 (2d Cir. July 15, 2016) ...................................17

*Drummond v. IPC Int'l, Inc.*,
    400 F. Supp. 2d 521 (E.D.N.Y. 2005) .................................................................11

*EEOC v. Port Authority of New York and New Jersey*,
    768 F.3d 247 (2d. Cir. 2014)..........................................................................18, 19, 20, 21

*Elec. Comm. Corp. v. Toshiba Am. Consumer Prods., Inc.*,
    129 F.3d 240 (2d Cir. 1997)..............................................................................8

*Eng v. City of New York*,
    No. 15 Civ. 1282 (DAB),
    2017 U.S. Dist. LEXIS 49520 (S.D.N.Y. Mar. 29, 2017),
    *aff'd*, 715 Fed. Appx. 49 (2d Cir. 2017) ......................................................18, 19

*Eng v. City of New York*,
    715 Fed. Appx. 49 (2d Cir. 2017) ...........................................................................13

| Cases | Pages |
|---|---|

*Frederick v. United Bhd. of Carpenters*,
  665 Fed. Appx. 31 (2d Cir. Nov. 3, 2016) ...........................................................10

*Gibbs v. City of New York*,
  No. 02 Civ. 2424 (LB), 2005 U.S. Dist. LEXIS 3169 (E.D.N.Y. Jan. 21, 2005) ...................10

*Gonsalez v. Marin*,
  No. 12 Civ. 1157 (ENV)(RML),
  2014 U.S. Dist. LEXIS 77421, (E.D.N.Y. Apr. 25, 2014),
  2014 U.S. Dist. LEXIS 77410 (E.D.N.Y. June 4, 2014) .........................................7

*Graham v. Long Island R.R.*,
  230 F.3d 34 (2d Cir. 2000)..............................................................................11

*Grillo v. N.Y. City Transit Auth.*,
  291 F.3d 231 (2d Cir. 2002).............................................................................8

*Hagood v. Rubin & Rothmand LLC*,
  No. 14 Civ. 341 (SJF) (AKT),
  2014 U.S. Dist. LEXIS 161674 (E.D.N.Y. Nov. 17, 2014)....................................11

*Hoffman v. Williamsville School Dist.*,
  443 Fed. Appx. 647 (2d Cir. 2011)...................................................................5

*Johnson v. J. Walter Thompson U.S.A., LLC*,
  224 F. Supp. 3d 296 (S.D.N.Y. 2016)..............................................................15

*Langella v. Mahopac Cent. Sch. Dist.*,
  No. 18 Civ. 10023 (NSR),
  2020 U.S. Dist. LEXIS 95588 (S.D.N.Y. May 21, 2020).......................................17

*Leibowitz v. Cornell Univ.*,
  584 F.3d 487 (2d Cir. 2009)............................................................................10

*Lioi v. New York City Dep't of Health & Mental Hygiene*,
  914 F. Supp. 2d 567 (S.D.N.Y. 2012)...............................................................16

*Matson v. Bd. of Educ. of City Sch. Dist. of New York*,
  631 F.3d 57 (2d Cir. 2011)...............................................................................8

*National R.R. Passenger Corp. v. Morgan*,
  536 U.S. 101 (2002)........................................................................................5

*O'Hara v. Bd. of Coop. Educ. Servs.*,
  No. 18 Civ. 8502 (KMK),
  2020 U.S. Dist. LEXIS 47210 (S.D.N.Y. Mar. 16, 2020) .....................................5

Cases                                                                                    Pages

*Offor v. Mercy Med. Ctr.*,
    167 F. Supp. 3d 414 (E.D.N.Y. 2016) ....................................................................9, 11

*Pagan v. Morrissania Neighborhood Family Health Ctr.*,
    No. 12 Civ. 9047 (WHP),
    2014 U.S. Dist. LEXIS 14978 (S.D.N.Y. Jan. 22, 2014)......................................12

*Papasan v. Allain*,
    478 U.S. 265 (1986)................................................................................................9

*Polit v. Global Foods Int'l Corp.*,
    No. 14 Civ. 07360 (SN),
    2017 U.S. Dist. LEXIS 57255 (E.D.N.Y. April 13, 2017) .....................................7

*Riddle v. Citigroup*,
    449 F. App'x 66 (2d Cir. 2011) .............................................................................5

*Rivera v. Rochester Genesee Reg'l Transp. Auth.*,
    702 F.3d 685 (2d Cir. 2012).................................................................................14

*Robinson v. Harvard Prot. Servs.*,
    495 F. App'x 140 (2d Cir. 2012) .........................................................................14

*Rodriguez v. Town of Ramapo*,
    412 F. Supp. 3d 412 (S.D.N.Y. 2019)..................................................................12

*Romero v. Floris Constr. Inc.*,
    No. 16 Civ. 04282 (PKC) (RLM),
    2017 U.S. Dist. LEXIS 191678 (E.D.N.Y. Nov. 20, 2017)....................................7

*Rose v. Goldman, Sachs & Co.*,
    163 F. Supp. 2d 238 (S.D.N.Y. 2001)..................................................................21

*Rubin v. Abbott Labs.*,
    No. 13 Civ. 8667 (CM),
    2015 U.S. Dist. LEXIS 130973 (S.D.N.Y. Sept. 22, 2015)....................................6

*Sank v. City Univ. of N.Y.*,
    No. 10 Civ. 4975 (RWS),
    2011 U.S. Dist. LEXIS 125016 (S.D.N.Y. Oct. 27, 2011) ...................................13

*Sosa v. New York City Dep't of Educ.*,
    368 F. Supp. 3d 489 (E.D.N.Y. 2019) .................................................................15

Cases                                                                                    Pages

*Suzuki v. State University of New York College at Old Westbury*,
    No. 08 Civ. 4569 (TCP),
    2013 U.S. Dist. LEXIS 83555 (E.D.N.Y. June 13, 2013) ....................................................18

*Talwar v. Staten Island Univ. Hosp.*,
    610 F. App'x 28 (2d Cir. 2015) ........................................................................................21

*Terry v. Ashcroft*,
    336 F.3d 128 (2d Cir. 2003)................................................................................................9

*Tomizawa v. ADT LLC*,
    No. 13 Civ. 6366 (MKB),
    2015 U.S. Dist. LEXIS 133649 (E.D.N.Y. July 17, 2015),
    *adopted by*, 2015 U.S. Dist. LEXIS 132182 (E.D.N.Y. Sept. 29, 2015)................................10

*Troeger v. Ellenville Cent. Sch. Dist*.,
    523 F. App'x 848 (2d Cir. 2013) .........................................................................................5

*Vega v. Hempstead Union Free Sch. Dist.*,
    801 F.3d 72 (2d Cir. 2015)..................................................................................................9

## Statutes

29 C.F.R. 1620.13(e)..............................................................................................................20

29 U.S.C. § 206(d)(1) ...........................................................................................................18

29 U.S.C. § 255(a) ..................................................................................................................6

29 U.S.C. § 256........................................................................................................................6

42 U.S.C. § 2000e-5(e)(1)......................................................................................................5

42 U.S.C § 12117(a) ...............................................................................................................5

Fed. R. Civ. P. 12(b)(6)...........................................................................................................9

N.Y.L.L. § 194 ......................................................................................................................21

N.Y.L.L. § 215 ..................................................................................................................7, 16

N.Y.L.L. § 215(2)(b)...............................................................................................................7

## PRELIMINARY STATEMENT

Plaintiff, a former employee of the Physician Affiliate Group of New York, P.C. ("PAGNY"), brings this action pursuant to the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Equal Pay Act of 1963 ("EPA"), the Family and Medical Leave Act of 1993 ("FMLA"), New York Labor Law ("NYLL"), the New York State Human Rights Law ("SHRL"), and the New York City Human Rights Law ("CHRL"). Specifically, plaintiff alleges that she was discriminated against based on her disability and gender (female), denied requests for reasonable accommodations, retaliated against for purported protected speech, and subject to unequal pay because of her gender. Defendants now move to dismiss the Amended Complaint, in part, for reasons such as certain ADA and Title VII claims are time barred and the Amended Complaint fails to plausibly allege a claim for gender discrimination and retaliation, a hostile work environment or unequal pay. Defendants respectfully submit that their motion should be granted in its entirety.

## STATEMENT OF FACTS[1]

Plaintiff alleges that on May 3, 2014, she suffered a head injury which limited her ability to lift and walk. Amend. Compl. ¶ 12. As a consequence, she uses a quad cane and a wheelchair. Amend. Compl. ¶ 12. Two years later, on May 16, 2016, plaintiff was hired by PAGNY as a Physician Assistant ("PA"). Amend. Compl. ¶ 15. When plaintiff was hired by PAGNY she requested and received reasonable accommodations, including the use of a wheelchair and another device to assist in ambulation as well as an escort to enter and exit the elevator and access her worksite, payment for 8 hours per shift instead of 7.5 hours per shift

---

[1] For the purposes of this motion to dismiss only, the material factual allegations asserted by the plaintiff in the Amended Complaint are deemed to be true. Thus, this statement of facts is drawn from the Amended Complaint.

since plaintiff did not take breaks or leave her desk and permission to work double shifts in order to reduce the number of days per week she had to commute to work.  Amend. Compl. ¶ 16.

In September 2016, plaintiff met with PAGNY's Human Resources Department to discuss her allegation that some male PAs were being compensated at a higher rate than plaintiff.  Amend. Compl. ¶ 22.  During the meeting, PAGNY informed plaintiff that the male PAs were being paid a higher hourly rate because they were working in the mental health department.  Amend.  Compl. ¶ 22.  Plaintiff was told that in order to receive an increase in pay she would have to work in the mental health department.  Amend. Compl. ¶ 30.  The Human Resources Department also told plaintiff that there were no vacancies in the mental health department at that time and that any new openings would be posted internally.  Amend. Compl. ¶ 30.   In November 2016, plaintiff allegedly met with Reginald Odom, PAGNY's Chief Human Resources Officer, "to voice her concerns about pay disparity."  Amend. Compl. ¶ 31.  Odom encouraged plaintiff to apply for PA positions in the mental health department.  Amend. Compl. ¶ 31.

Nearly one year later, in September and October 2017, plaintiff again met with PAGNY's Human Resources Department to "voice her issue with the unequal pay rate" that was given to male PAs in the mental health department.  Amend. Compl. ¶ 32.  Plaintiff was assured that any vacant positions that would offer additional pay would be posted internally.   Amend Compl. ¶ 32.

In November 2017, a new position was created in the mental health department and a male colleague was assigned the position.  Amend. Compl. ¶ 33.  The Amended Complaint alleges that the position was not posted nor were applications solicited from other individuals.  Amend. Compl. ¶ 33.   The Amended Complaint further alleges that a male colleague was

selected for the position because his spouse was the head of the mental health department. Amend. Compl. ¶ 34.

Plaintiff took medical leave from January 2018 to May 2018.  Amend. Compl. ¶ 35. On March 26, April 18, and April 26, 2018, plaintiff submitted complaints to Odom regarding claims of gender pay disparity and discrimination because she was not provided with an opportunity to apply to the position provided to her male colleague and she was not compensated at the same rate as her male colleague.  Amend. Compl. ¶ 36.

On May 9, 2018, plaintiff was terminated by PAGNY.  Amend. Compl. ¶ 39.  A grievance hearing was held on May 23, 2018.  Amend. Compl. ¶ 41.  In June 2018, plaintiff was reinstated to her position and PAGNY asked plaintiff to provide new medical notes from her medical provider demonstrating that she required an accommodation.  Amend. Compl. ¶¶ 44, 46.

Plaintiff's accommodations were reinstated, in part, by allowing her to use devices to assist in ambulation, however, plaintiff's request for assistance to exit the elevator, work double shifts, and to work remotely were denied.  Amend. Compl. ¶¶ 48-49.  On June 19, 2018, plaintiff complained to Odom about the revocation of her accommodations and that she perceived she was being discriminated against based on her disability and gender.   Amend. Compl. ¶ 47.

On August 9, 2018, plaintiff's hours were reduced from 24 hours per week to 8 hours per week.  Amend. Compl. ¶ 50.  Plaintiff was on medical leave from August 2018 to November 2018.  Amend. Compl. ¶ 53.  While on medical leave, in September 2018, plaintiff told Odom about her concerns regarding unequal pay and discrimination and PAGNY's failure to reinstate all of plaintiff's prior work accommodations.  Amend. Compl. ¶ 54.

On October 17, 2018, PAGNY informed plaintiff that her accommodations were being denied, that plaintiff would have to resubmit her request for reasonable accommodations, and if plaintiff did not agree to a reduction in work hours from 24 hours per week to 8 hours per week, PAGNY would deem plaintiff to have resigned.  Amend. Compl. ¶ 56.

On October 29, 2018, plaintiff submitted to PAGNY her doctor's note clearing her to return to work on November 5, 2018.   Amend. Compl. ¶ 57.   That same day, plaintiff requested permission to work a flex schedule of either Monday, Wednesday, or Friday (not just Wednesday) and double shifts.   Amend. Compl. ¶ 58.   Also, on November 5, 2018, Delts (PAGNY Corporate Human Resources Director) informed plaintiff that she was removed from the work schedule on the basis that she was Absent Without Leave ("AWOL").  Amend. Compl. ¶¶ 6, 59.  Therefore, plaintiff was required to be fingerprinted before she could return to work. Amend. Compl. ¶ 59.  On November 8, 2018, plaintiff was fingerprinted.  Amend. Compl. ¶ 60. On December 7, 2018, plaintiff was reinstated to the work schedule without any reasonable accommodations.  Amend. Compl. ¶ 62.

From March 2019 through August 2019, plaintiff was on medical leave.  Amend. Compl. ¶ 63.  On July 11, 2019, Dr. Louise Cintron (the managing doctor), told plaintiff that he had discussed plaintiff's job with Delts, and that plaintiff should "consider retiring because has had been sick too much." Amend. Compl. ¶ 64.  On August 14, 2019, plaintiff received clearance from her medical provider to return to work in September 2019.  Amend. Compl. ¶ 66.  In August 2019, Odom emailed plaintiff that PAGNY would be terminating her employment for failure to report to work.  Amend. Compl. ¶ 67.

## ARGUMENT

### POINT I

**ALL ADA AND TITLE VII CLAIMS ACCRUING PRIOR TO DECEMBER 7, 2018, ARE TIME-BARRED**

ADA and Title VII claims accruing more than 300 days prior to filing a charge of discrimination with the EEOC are time-barred. 42 U.S.C. § 2000e-5(e)(1) ("Title VII"); 42 U.S.C § 12117(a) ("ADA"); *Riddle v. Citigroup*, 449 F. App'x 66, 69 (2d Cir. 2011). A claim begins to accrue at the time the plaintiff knew or had reason to know of a discrete act of discrimination. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109-10 (2002); *Cetina v. Longworth*, 583 F. App'x. 1, 2 (2d Cir. 2014).

On October 3, 2019, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination under both the ADA and Title VII. Amend. Comp. ¶ 68. Therefore, all ADA and Title VII claims accruing prior to December 7, 2018, 300 days before October 3, 2019, are time-barred. Indeed, most of the Amended Complaint alleges events before December 7, 2018, including plaintiff's alleged denial of requests for reasonable accommodations in June 2018 and October 2018. *See Troeger v. Ellenville Cent. Sch. Dist.*, 523 F. App'x 848, 851 (2d Cir. 2013) (discrete act of denying accommodation triggers statute of limitations); *Hoffman v. Williamsville School Dist.*, 443 Fed. Appx. 647, 649-50 (2d Cir. 2011) (affirming dismissal of ADA claim for failure to accommodate because the EEOC charge was filed more than 300 days after the accommodation was denied).

Similarly, plaintiff's August 2018, October 2018, and November 2018 retaliation claims under the ADA are time barred. *See O'Hara v. Bd. of Coop. Educ. Servs.*, No. 18 Civ. 8502 (KMK), 2020 U.S. Dist. LEXIS 47210, at *48 (S.D.N.Y. Mar. 16, 2020) (ADA retaliation

claims were dismissed because events occurred more than 300 days before filing with administrative agency).  Plaintiff's Title VII gender discrimination claims based on events that took place in November 2017 and November 2018 are similarly time barred.  *See Adams-Flores v. City of New York*, No. 18 Civ. 12150 (JMF), 2020 U.S. Dist. LEXIS 37411, *9-10 (S.D.N.Y. Mar. 2, 2020) (dismissing Title VII gender discrimination claim based on events that occurred more than 300 days before plaintiff filed her EEOC charge).  Finally, plaintiff Title VII hostile work environment claim is based on events that took place prior to December 7, 2018 and is time barred.  *See Rubin v. Abbott Labs.*, No. 13 Civ. 8667 (CM), 2015 U.S. Dist. LEXIS 130973, at *21 (S.D.N.Y. Sept. 22, 2015) (dismissing Title VII hostile work environment claim where "the last conceivable act that could be part of a pattern of hostile work environment occurred more than 300 days before the filing of the charge.").

## POINT II

### PLAINTIFF'S EPA CLAIMS ACCRUING PRIOR TO JUNE 8, 2017 ARE TIME-BARRED

Assuming, *arguendo*, that plaintiff has adequately asserted a federal EPA claim (and she has not), any claim accruing prior to June 8, 2017 is time-barred.  The federal EPA statute of limitations is measured from the date that plaintiff commenced the instant action.  The statute of limitations for bringing a federal EPA claim is two years after the cause of action accrued, or within three years if the alleged violation is "willful."  29 U.S.C. § 255(a).  Actions are "considered to be commenced on the date when the complaint is filed."  29 U.S.C. § 256. The initial Complaint in this matter was filed on June 8, 2020.  *See* Dkt. No. 2.  Putting aside that plaintiff's allegations of a "willful" EPA violation, Amend. Compl. ¶ 117, have no basis in fact, the three-year statute of limitations would still bar any claims prior to June 8, 2017.

6

## POINT III

## PLAINTIFF'S NEW YORK LABOR LAW § 215 RETALIATION CLAIM MUST BE DISMISSED FOR FAILURE TO COMPLY WITH STATUTORY REQUIREMENTS

Plaintiff's claim for retaliation under NYLL § 215 should be dismissed as there are no allegations that plaintiff complied with the statutory requirement that "[a]t or before the commencement of any action under this section, notice thereof shall be served upon the attorney general by the employee." NYLL § 215(2)(b). Because the Amended Complaint does not allege that plaintiff provided the required notice to the New York Attorney General, this claim must be dismissed. *See Romero v. Floris Constr. Inc.*, No. 16 Civ. 04282 (PKC) (RLM), 2017 U.S. Dist. LEXIS 191678, *18 (E.D.N.Y. Nov. 20, 2017) (declining to find liability against defendants when plaintiff did not allege that he provided the required notice of retaliation to the attorney general); *Polit v. Global Foods Int'l Corp.*, No. 14 Civ. 07360 (SN), 2017 U.S. Dist. LEXIS 57255, *22 (E.D.N.Y. April 13, 2017) (denying request for damages under NYLL § 215 for failure to submit proof of notice on Attorney General); *Gonsalez v. Marin,* No. 12 Civ. 1157 (ENV)(RML), 2014 U.S. Dist. LEXIS 77421, at *27, (E.D.N.Y. Apr. 25, 2014), *report and recommendation adopted by*, 2014 U.S. Dist. LEXIS 77410 (E.D.N.Y. June 4, 2014) (denying plaintiff's request for award of damages for unlawful retaliation in violation of NYLL § 215 for failure to provide evidence that State Attorney General was served with notice of lawsuit).

## POINT IV

## THE AMENDED COMPLAINT FAILS TO STATE A CLAIM OF RELIEF THAT IS PLAUSIBLE ON ITS FACE

**A.     The Applicable Pleading Standard**

To survive a motion to dismiss, a federal complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).   Likewise, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* (citation omitted).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This Court does not hesitate to dismiss complaints containing conclusory allegations of wrongdoing.  *See, e.g., Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 62 (2d Cir. 2011) ("While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully-harmed me accusation.") (quotations and citation omitted)).  Furthermore, where a complaint amounts to nothing more than the "recitation of a false syllogism: (1) I am (insert name of protected class); (2) something bad happened to me at work; (3) therefore, it happened because I am (insert name of protected class)," such complaint will not withstand defendant's motion to dismiss. *Bermudez v. City of New York*, 783 F. Supp. 2d 560, 581 (S.D.N.Y. 2011) (citing *Grillo v. N.Y. City Transit Auth.*, 291 F.3d 231, 235 (2d Cir. 2002)).

This standard must be read together with the familiar admonition that courts may neither "'assume that the [plaintiff] can prove facts that [he] has not alleged,'" *Elec. Comm. Corp. v. Toshiba Am. Consumer Prods., Inc.*, 129 F.3d 240, 243 (2d Cir. 1997) (quoting

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (alteration in original)), nor "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citation omitted); *see also Coleman v. Brokersxpress, LLC*, 375 Fed. App'x 136, 137 (2d Cir. 2010) ("Given the absence of specific factual allegations, the complaint does not support the inference that defendants are liable for the misconduct alleged.")). Therefore, a complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure where it fails to plead enough facts to demonstrate a plausible entitlement to relief. *See Iqbal*, 556 U.S. at 680.

## B.   Plaintiff Fails to State a Claim for Gender Discrimination under Title VII, the SHRL, or CHRL

Plaintiff fails to state a claim under Title VII, the SHRL, or the CHRL for gender discrimination. Plaintiff has not alleged any facts whatsoever that would suggest that her gender had anything to do with the wages she was paid. Entirely absent from the Amended Complaint are any facts which might conceivably give rise to an inference of gender discrimination. To establish a claim for gender discrimination under the Title VII and the SHRL, a plaintiff must plead facts to demonstrate that: (1) she is a member of a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) inference of causal connection. *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003) (citations omitted). Under Title VII and the SHRL, plaintiff must "plausibly allege that (1) the employer took adverse action against h[er], and (2) h[er] race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Offor v. Mercy Med. Ctr.*, 167 F. Supp. 3d 414, 429 (E.D.N.Y. 2016) (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015)).

Plaintiff has failed to allege a plausible claim that any of the complained-of actions occurred under circumstances giving rise to an inference of gender discrimination. A

9

plaintiff may raise an inference of discrimination with actions by or remarks from her employer clearly revealing a discriminatory animus, or by showing that similarly situated employees received preferential treatment. *Gibbs v. City of New York*, No. 02 Civ. 2424 (LB), 2005 U.S. Dist. LEXIS 3169, at *27 (E.D.N.Y. Jan. 21, 2005). The Second Circuit has observed,

> It is well-settled that an inference of discriminatory intent may be derived from a variety of circumstances, including, but not limited to: "… the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge.

*Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009) (quoting *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 37 (2d Cir. 1994) (internal citations omitted)). Here, plaintiff has failed to plausibly plead any *facts* that she was subjected to any such conditions and does not assert that any derogatory comments were made to plaintiff regarding her gender. Indeed, the Amended Complaint's allegations of gender discrimination are entirely conclusory.

The Amended Complaint alleges that in November 2017, a male colleague was selected for a position in the mental health department because his wife was the head of that department. Amend. Compl. ¶¶ 33, 34. But "[w]hat Plaintiff may find to be unfair, favoritism, or nepotism is not actionable absent unlawful discrimination." *Tomizawa v. ADT LLC*, No. 13 Civ. 6366 (MKB), 2015 U.S. Dist. LEXIS 133649, at *42 (E.D.N.Y. July 17, 2015), *adopted by*, 2015 U.S. Dist. LEXIS 132182 (E.D.N.Y. Sept. 29, 2015); *see Frederick v. United Bhd. of Carpenters*, 665 Fed. Appx. 31, at *33 (2d Cir. Nov. 3, 2016) (affirming dismissal of Title VII discrimination claim because the plaintiff alleged no facts suggesting she was denied promotion for reasons relating to her race and adding that Title VII does not protect against "favoritism, nepotism, or cronyism, so long as it is not premised on animus against a protected class"); *Carter*

*v. Verizon*, No. 13 Civ. 7579 (KPF), 2015 U.S. Dist. LEXIS 6370, at *21 (S.D.N.Y. Jan. 20, 2015) (no inference of discrimination where plaintiff's complaint alleged that more favorable positions were given to other employees based on "favoritism").

Next, in an effort to save her gender discrimination claims from dismissal, plaintiff contends that a male colleague was permitted to return to work immediately while plaintiff was unable to do so because she was AWOL.  Amend. Compl. ¶¶ 59-60.  But "[a] plaintiff relying on disparate treatment evidence must show [she] was similarly situated in all material respects to the individuals with whom [she] seeks to compare [her]self."  *Offor,* 167 F. Supp. 3d at 431.  "In order for employees to be similarly situated in all material respects, "a plaintiff must show that [her] co-employees were subject to the same performance evaluation and discipline standards."  *Drummond v. IPC Int'l, Inc.*, 400 F. Supp. 2d 521, 532 (E.D.N.Y. 2005) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000)).

Moreover, "plaintiff must demonstrate that the similarly situated employees engaged in comparable conduct."  *Drummond,* 400 F. Supp. 2d at 532.  Applying these standards to the Amended Complaint, plaintiff's gender discrimination claims fail because plaintiff does not identify comparators who were similarly-situated to her in all material respects.  *See Hagood v. Rubin & Rothmand LLC*, No. 14 Civ. 341 (SJF) (AKT), 2014 U.S. Dist. LEXIS 161674, at *27-31 (E.D.N.Y. Nov. 17, 2014).  Plaintiff fails to describe comparators who were allegedly similarly situated, what their responsibilities were, and "'how [plaintiff's] workplace conduct compared to [the comparators]."  *Fukelman*, 2020 U.S. Dist. LEXIS 66410, at *35 (internal citations omitted).

Here, plaintiff alleges that she was considered AWOL by PAGNY while there are no such allegations regarding the male physician assistant. Amend. Compl. ¶ 59.  Similarly,

plaintiff contends that the male physician assistant who took medical leave was not disciplined or terminated while plaintiff was terminated by PAGNY. Amend. Compl. ¶ 75. But this colleague cannot serve as a comparator because at the time of plaintiff's termination plaintiff was in the midst of a 4-month medical leave while the Amended Complaint does not allege how long the purported comparator was on leave.[2] Amend. Compl. ¶¶ 35, 67. Furthermore, this individual cannot serve as a comparator because there are no allegations that he sought any reasonable accommodations much less the outcome of any requests for such accommodations. Amend. Compl. ¶ 75. Accordingly, this individual is not similarly situated to plaintiff.

To the extent plaintiff argues that the male physician assistants working in the mental health department who were paid at a higher rate than plaintiff are comparators such an argument must also fail. Amend. Compl. ¶ 22. These individuals cannot serve as comparators because they worked in a different department than plaintiff. *See Rodriguez v. Town of Ramapo*, 412 F. Supp. 3d 412, 436-437 (S.D.N.Y. 2019) (holding that three individuals could not serve as comparators where they worked in a different department and had a different supervisor than the plaintiff). Therefore, plaintiff's gender discrimination claims under Title VII and the SHRL must be dismissed.

Even under the more liberal standard of the CHRL, plaintiff fails to plausibly allege any facts creating an inference that she was discriminated against on the basis of her gender. *See Pagan v. Morrissania Neighborhood Family Health Ctr.*, No. 12 Civ. 9047 (WHP), 2014 U.S. Dist. LEXIS 14978, at *9 (S.D.N.Y. Jan. 22, 2014) (notwithstanding "the more liberal

---

[2] Curiously, the initial Complaint alleges that the comparator took at most a one-month medical leave but following the filing of the first motion to dismiss that noted the brief leave period in comparison with the plaintiff's period of medical leave such an allegation was removed from the Amended Complaint. *See* Compl. ¶ 50.

construction of the NYCHRL, a plaintiff must still allege facts giving rise to an inference of discrimination.")   Under the CHRL, "an inference of discrimination may be drawn from a showing that the employer criticized the plaintiff's performance in ethnically degrading terms, made invidious comments about others in the employee's protected group, or treated employees not in the protected group more favorably."  *Beverley v. 1115 Health & Benefits Fund*, 420 F. Supp. 2d 47, 56 (E.D.N.Y. 2005) (citation omitted).

Here, plaintiff has failed to allege that any degrading comments were made based on her gender, let alone connected to any of the actions of which she complains.  Nor are there any allegations to support an inference that employees were treated more favorably due to their gender.  *See Eng v. City of New York*, 715 Fed. Appx. 49, 53 (2d Cir. 2017) (affirming dismissal of CHRL claim because "merely listing the alleged pay difference with two men…does not plausibly demonstrate that plaintiff has been treated less well than other employees because of her gender.") (internal quotations omitted).

Having failed to plead any facts giving rise to an inference of animus on the basis of gender, plaintiff's claims for discrimination under Title VII, the SHRL, and CHRL must be dismissed against the defendants.  *See Sank v. City Univ. of N.Y.*, No. 10 Civ. 4975 (RWS), 2011 U.S. Dist. LEXIS 125016, at *24 (S.D.N.Y. Oct. 27, 2011) (dismissing gender discrimination claim when the "Complaint contains only conclusory assertions that Plaintiff's gender motivated the challenged relocation decisions and an exposition on the alleged 'history of discrimination against women' at City College with respect to [an] unrelated issue.").  Plaintiff's Title VII, SHRL and CHRL claims thus fail.  *See Iqbal*, 556 U.S. at 678.

13

**C.**     **Plaintiff's Hostile Work Environment Claim under Title VII**

To establish a hostile work environment claim, a plaintiff must show "that the complained of conduct (1) is objectively severe or pervasive — that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's" protected characteristic. *Robinson v. Harvard Prot. Servs.*, 495 F. App'x 140, 141 (2d Cir. 2012) (citation omitted). "In considering whether a plaintiff has met this burden, courts "examin[e] the totality of the circumstances, including: the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with the victim's [job] performance." *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 702 F.3d 685, 693-94 (2d Cir. 2012) (alteration in original, citation omitted). Periodic and episodic incidents are insufficient to establish a hostile work environment claim. *See Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000) ("Isolated instances of harassment ordinarily do not rise to this level.").

Here, the Amended Complaint is devoid of any allegations that plaintiff was subject to a hostile work environment based on her gender. To the extent plaintiff argues that her hostile work environment claim is premised on her unequal pay allegations, such allegations do not plausibly allege a hostile work environment claim based on gender. *See Devore v. Neighborhood Hous. Servs. of Jam., Inc.*, No. 15 Civ. 6218 (PKC), 2017 U.S. Dist. LEXIS 38108, *21 (E.D.N.Y. March 16, 2017) (finding "that Plaintiff's claim of unequal pay compared to the female program directors does not give rise to a hostile work environment claim, because even construing Plaintiff's claims about unequal pay liberally, they do not equate to an allegation that 'the workplace [was] permeated with discriminatory intimidation, ridicule and insult.'").

14

Plaintiff has failed to even remotely allege that a single employee of Defendant PAGNY subjected her to gender based discriminatory intimidation, ridicule, insults, or any form of harassment while employed as a PA with PAGNY.  *See generally* Amend. Compl.  Because the Amended Complaint fails to plausibly allege that defendants subjected plaintiff to a hostile work environment because of her gender, plaintiff's hostile work environment claim under Title VII should be dismissed.

### D.   The Retaliation Claims Fail Under Title VII, the ADA, EPA, NYLL, SHRL, and CHRL

To state a retaliation claim under Title VII, the ADA, EPA, and SHRL "a plaintiff must plead facts that would tend to show that: (1) he participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging him; and (3) there exists a causal connection between the protected activity and the adverse action." *Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 257 (2d Cir. 2014) (Title VII); *Sosa v. New York City Dep't of Educ.*, 368 F. Supp. 3d 489, 525 (E.D.N.Y. 2019), *adopted by*, 368 F. Supp. 3d 489 (E.D.N.Y. 2019) (ADA); *Johnson v. J. Walter Thompson U.S.A., LLC,* 224 F. Supp. 3d 296, 312 (S.D.N.Y. 2016) (EPA and SHRL).

"Protected activity 'refers to action taken to protest or oppose statutorily prohibited discrimination.'" *Centeno v. 75 Lenox Realty LLC/J.K. Mgmt. Corp.*, No. 14 Civ. 1916 (DLI)(LB), 2017 U.S. Dist. LEXIS 15008, at *42 (E.D.N.Y. Feb. 1, 2017) (quoting *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000)).  Moreover, "[s]imply pleading that an adverse employment action occurred later in time than plaintiff's protected activity is insufficient to survive a motion to dismiss." *Dechberry v. N.Y. City Fire Dep't*, 124 F. Supp. 3d 131, 155 (E.D.N.Y. Aug. 14, 2015).

"Although the Second Circuit 'has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship, district courts within the Second Circuit 'have consistently held that a passage of more than two months between the protected activity and the adverse employment action does not allow for an inference of causation.'" *Dechberry v. N.Y. City Fire Dep't*, 124 F. Supp. 3d 131, 155-156 (E.D.N.Y. Aug. 14, 2015) (citation omitted) (dismissing retaliation claim because six month gap between time plaintiff engaged in protected activity and defendant engaged in retaliatory conduct was "too temporally attenuated to infer a causal connection"); *Lioi v. New York City Dep't of Health & Mental Hygiene*, 914 F. Supp. 2d 567, 593 (S.D.N.Y. 2012) (temporal nexus of ten months between protected activity and discriminatory treatment "is insufficient to establish causal connection").

"In order to state a claim under New York Labor Law Section 215, a plaintiff must adequately plead that while employed by the defendant, he or she made a complaint about the employer's violation of New York Labor Law and was terminated or otherwise penalized discriminated against or subject to an adverse employment action as a result." *Biberaj v. Pritchard Indus.*, No. 08 Civ. 07993 (PGG), 2009 U.S. Dist. LEXIS 150074, *29 (S.D.N.Y. Sept. 28, 2009).

"The proper inquiry under CHRL is whether a jury could reasonably conclude that the complained-of conduct by the employer could reasonably likely to deter a person from engaging in a protected activity." *Walker*, 2013 U.S. Dist. LEXIS 35816, at *18.   The "CHRL does, however, require that plaintiff demonstrate a causal connection between her protected activity and the alleged adverse action." *Id.*

Here, plaintiff has not asserted anything more than conclusory assertions to establish a causal link between her protected activities and alleged adverse actions.  Nor could plaintiff establish a link by temporal proximity.  For example, plaintiff alleges that reasonable accommodations were withheld in December 2018 and that she was terminated in August 2019 in retaliation for complaining about alleged unequal pay in September 2018.  Amend.  Compl. ¶¶ 52, 54, 62, 67, 84, 85, 125, 140, 155, 181.  There are three months between plaintiff's protected activity and the denial of accommodations and eleven months between the protected activity and termination.  Plaintiff cannot plausibly allege causation when there is such a large gap in time between the protected activity and adverse action.  *See Dhar v. City of New York*, 15 Civ. 2698, 2016 U.S. App. LEXIS 12974, *3-4 and n.2 (2d Cir. July 15, 2016) (10 months is too great a temporal gap to imply causation)*; Langella v. Mahopac Cent. Sch. Dist.*, No. 18 Civ. 10023 (NSR), 2020 U.S. Dist. LEXIS 95588, *31 (S.D.N.Y. May 21, 2020) ("courts in this Circuit generally hold that a gap longer than two months severs the inferred causal relationship.") (internal quotations omitted).

Furthermore, plaintiff alleges that she engaged in a protected activity in June 2018 and in retaliation plaintiff was removed from the schedule six months later in November 2018 and eventually terminated fourteen months later in August 2019.  Amend. Compl. ¶¶ 47, 59, 67, 109.  Again, the Amended Complaint fails to plausibly allege causation given the length of time between the alleged protected activity and adverse action.  *See Dechberry*, 124 F. Supp. 3d at 155-156 (dismissing retaliation claim because six-month gap between time plaintiff engaged in protected activity and defendant engaged in retaliatory conduct was "too temporally attenuated to infer a causal connection").  Accordingly, these retaliation claims should be dismissed.

**E.      Plaintiff Has Failed to Adequately Allege a Claim Pursuant to the Equal Pay Act**

   The EPA prohibits an employer from discriminating against its employees by paying different wages to males and females who perform "equal work."  29 U.S.C. § 206(d)(1).  In order to state a *prima facie* case of salary discrimination "a plaintiff must demonstrate that (1) the employer pays different wages to employees of the opposite sex; (2) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and (3) the jobs are performed under similar working conditions."  *EEOC v. Port Authority of New York and New Jersey*, 768 F.3d 247, 254-255 (2d. Cir. 2014) (internal citations and quotations omitted); *see also Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974); *Suzuki v. State University of New York College at Old Westbury*, No. 08 Civ. 4569 (TCP), 2013 U.S. Dist. LEXIS 83555, at *8 (E.D.N.Y. June 13, 2013).

   In the Amended Complaint, plaintiff, a female physician assistant, claims that three men, who also are physician assistants, were paid more than her.  Amend. Compl. ¶ 22.  Plaintiff was informed that these physician assistants were paid at a higher rate because they worked in the mental health department.  Amend. Compl. ¶ 22.  Plaintiff also claims that these individuals' positions "were substantially equal in skill, effort, and responsibility."  Amend. Compl. ¶ 23.  Plaintiff's EPA claim, however, fails because she has not asserted anything more than conclusory allegations of wage discrimination and has significantly failed to allege that the male employees performed a substantially equivalent job duty.  *See Eng v. City of New York*, No. 15 Civ. 1282 (DAB), 2017 U.S. Dist. LEXIS 49520, *9 (S.D.N.Y. Mar. 29, 2017), *aff'd*, 715 Fed. Appx. 49 (2d Cir. 2017) (dismissing EPA claim where plaintiff "provides no factual allegations that would allow the Court to compare her job duties, skill and experience with those of the comparators.").

In the Amended Complaint, plaintiff makes the conclusory allegation that the responsibilities for physician assistants in the medical and mental health departments are "exactly the same." Amend. Compl. ¶ 26. In support of this conclusory allegation plaintiff alleges "as per PAGNY's website" and then proceeds to list identical duties for a medical physician assistant and mental health physician assistant. Amend. Compl. ¶¶ 26-27. The Amended Complaint, however, does not quote from PAGNY's website much less attach a printout from the website or indicate the last date the website was visited. Nor does the Amended Complaint allege that the duties purportedly listed on PAGNY's website were the duties performed by the male physician assistants working in the mental health department. Such allegations cannot support an EPA claim. *See Eng*, 2017 U.S. Dist. LEXIS 49520, at *9 ("Plaintiff provides no factual allegations that would allow the Court to compare her job duties, skills and experience with those of the comparators.")

The Amended Complaint does not contain anything more than conclusory allegations that (1) plaintiff was informed that in order to receive a pay increase she would need to work in the mental health department and (2) male physician assistants obtained positions in the mental health department and therefore were compensated at a higher rate than plaintiff. Amended Compl. ¶ 22. In order to plead the second element, "a plausible EPA claim must include 'sufficient factual matter, accepted as true' to permit 'the reasonable inference' that the relevant employees' job *content* was 'substantially equal.' Such factual allegations are necessary to provide 'fair notice [to the defendant] of the basis for [the plaintiff's] claims.'" *Port Authority*, 768 F.3d at 256. It is well-settled that job title alone is insufficient to establish "equal work." *Id.* ("[A] successful EPA claim depends on the comparison of actual job content; broad generalizations drawn from job titles, classifications, or divisions, and conclusory assertions of

sex discrimination, cannot suffice."); *Brailsford v. Zara USA, Inc.*, No. 14 Civ. 6999 (LGS), 2015 U.S. Dist. LEXIS 47149, at *17 (S.D.N.Y. Apr. 10, 2015) ("Merely alleging that Plaintiff had the same job title . . . is not enough . . . ."). Indeed, the EEOC's regulations provide that the "[a]pplication of the equal pay standard is not dependent on job classifications or titles but depends rather on actual job requirements and performance." 29 C.F.R. 1620.13(e).

The Second Circuit's decision in *EEOC v. Port Authority of New York and New Jersey*, 768 F.3d 247 (2d. Cir. 2014) is instructive. In that case, the Second Circuit concluded that shared job codes were not entitled to any weight in support of an EPA claim, because titles "are not a reflection of job content." There, the court rejected the EEOC's "an attorney is an attorney is an attorney" theory to support its allegations that the "Port Authority paid its female nonsupervisory attorneys less than its male nonsupervisory attorneys 'for substantially equal work,' that these attorneys had 'the same job code,' and that the disparity in pay 'cannot be attributed to factors other than sex. . . .'" *Id.* at 256. In ruling on the motion to dismiss, the Second Circuit found that the EEOC failed to allege any factual content to support an inference that all attorney positions were equal and dismissed the EEOC's claims because "bald recitation of the elements of an EPA claim and its assertion that attorneys at issue held the 'same job code' are plainly insufficient to support a claim under the EPA." *Id.* at 256.

The Second Circuit's reasoning in *Port Authority* is applicable to this matter and supports dismissal of this claim. Here, plaintiff has merely alleged that male physician assistants working in the mental health department had the same title and "were substantially equal in skill, effort, and responsibility to the PA positions in the medical department." Amend. Compl. ¶ 23. These allegations do not suffice to state a claim for violation of the EPA because "such bland abstractions – untethered from allegations regarding . . . *actual* job duties – say nothing about

whether the [employees] were required to perform 'substantially equal' work" and "such broad generalizations based on mere job classifications are not cognizable under the EPA." *Port Authority*, 768 F.3d at 257.  Because the Amended Complaint fails to allege a violation of the EPA, the claim should be dismissed.

**F.   Plaintiff Has Failed to Adequately Allege a Cause of Action Under New York Labor Law § 194**

Claims under the state EPA are "'analyzed under the same standards applicable to the federal Equal Pay Act.'" *Chiaramonte v. Animal Med. Ctr.*, No. 13 Civ. 5117 (KPF), 2016 U.S. Dist. LEXIS 8024, *27 (S.D.N.Y. Jan. 7, 2016) (*quoting Talwar v. Staten Island Univ. Hosp.*, 610 F. App'x 28, 31 n.2 (2d Cir. 2015)).

With regard to the state EPA, plaintiff alleges that she was paid less than male physician assistants who performed substantially similar job duties.  Amend. Compl. ¶132.  As was discussed above with regard to plaintiff's federal Equal Pay Act claims, plaintiff has failed to adequately plead a claim under the state EPA because she provides nothing more than conclusory allegations that she was paid less than her male counterparts and that her job content was substantially similar to the job content of her male counterparts.  *See Rose v. Goldman, Sachs & Co.*, 163 F. Supp. 2d 238, 244 (S.D.N.Y. 2001) (dismissing plaintiff's New York State Equal Pay Law claims where the "amended complaint contain[ed] nothing more than bald assertions that she and male employees of Defendant received disparate wages for substantially equal jobs under similar working conditions.").

**G.   As A Matter of Law, Plaintiff's SHRL and CHRL FMLA Leave Retaliation Claims Must be Dismissed**

To the extent plaintiff claims that she was subject to retaliation for taking FMLA leave under the SHLR and CHRL, such claims must be dismissed.  FMLA leave is not a

protected activity under the SHRL or CHRL.  *See Brown v. Progressive Cas. Ins. Co.*, No. 18 Civ. 03753 (ARR) (SJB), 2018 U.S. Dist. LEXIS 145777, *4 (E.D.N.Y. Aug. 27, 2018) ("Retaliation for requesting FMLA leave is not a cognizable claim under New York law"); *Corrado v. New York Unified Court Sys.*, 163 F. Supp. 3d 1, 25 (E.D.N.Y. 2016) (CHRL). Therefore, any claims that plaintiff was retaliated against under the SHLR or CHRL for taking FMLA leave must be dismissed.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant their motion to dismiss in its entirety, and granting such other and further relief as this Court deems just and proper.

Dated:        New York, New York
              December 18, 2020

                              **JAMES E. JOHNSON**
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, Room 2-197
                              New York, New York 10007-2601
                              (212) 356-2629
                              nmarcus@law.nyc.gov


                    By:    /s/ *Natalie S. Marcus*
                           _____
                                  Natalie S. Marcus
                                  Assistant Corporation Counsel