UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
VICTORIA BRIGHTMAN,                       :    20cv4290 (DLC)
                    Plaintiff,            :
                                          :    ORDER
     -v-                                  :
                                          :
PHYSICIAN AFFILIATE GROUP OF NEW YORK,    :
P.C., REGINALD D. ODOM, and NICOLE        :
DELTS,                                    :
                    Defendants.           :
                                          :
------------------------------------------X

DENISE COTE, District Judge:

On June 9, 2021, plaintiff's counsel moved to withdraw. As a basis for the motion, plaintiff's counsel averred that the plaintiff repeatedly failed to respond to communications regarding the case over a period of several weeks. In an Order of June 14, the Court granted the motion to withdraw. The June 14 Order also provided that the plaintiff's case would be dismissed for failure to prosecute if, by June 25, she failed to either advise the Court that she had retained new counsel or file a pro se notice of appearance. The plaintiff took neither of these steps by June 25.

A district court may involuntarily dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). In deciding whether to dismiss for failure to prosecute, a district court must consider

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (citation omitted).

Here, these factors weigh in favor of dismissal. While the plaintiff has only been noncompliant with this Court's June 14 Order for a brief period, her noncompliance with the Court's order is part of a longer pattern of unresponsiveness over a period of several weeks that led her counsel to withdraw. The Court's June 14 Order put the plaintiff on notice that her case was subject to dismissal if she did not take specific steps by June 25, and she nonetheless failed to comply. The plaintiff has given no indication of whether, and when, she intends to proceed with this litigation. As the Second Circuit has noted, "it is difficult to imagine" a circumstance in which "dismissal for unexplained non-compliance" with a court order would be inappropriate. Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).

Additionally, an indefinite delay is likely to prejudice the defendants. This is an employment discrimination case that will likely turn on the testimony of key witnesses, and

2

prolonged delay means that memories will fade and witnesses will become unavailable. Finally, no lesser sanction than dismissal is appropriate. Given that the plaintiff has disregarded court orders and it appears that the plaintiff has entirely withdrawn from this litigation, a lesser sanction, such as a monetary sanction, could not be meaningfully imposed. Accordingly, it is hereby

ORDERED that this action is dismissed for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). The Clerk of Court is directed to enter judgment for the defendants and close this case.

SO ORDERED:

Dated: New York, New York
June 28, 2021

_____
DENISE COTE
United States District Judge